UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM CUMMINGS, | : | |
| Plaintiff, | : | CIV. NO. 1:23-CV-937 |
| v. | : | (JUDGE MANNION) |
| THOMAS MCGINLEY, et al., | : | |
| Defendants. | : | |

## MEMORANDUM

Presently before the court in this *pro se* prisoner civil rights suit is the report and recommendation of Magistrate Judge Martin C. Carlson, (Doc. 12), dated July 24, 2023, and Plaintiff's motion for *nunc pro tunc*, (Doc. 13), regarding his amended complaint. Judge Carlson conducted the legally required screening review of Plaintiff's amended complaint, (Doc. 10), and recommends that it be dismissed with leave to amend. Plaintiff filed a timely objection to Judge Carlson's report. (Doc. 15). However, based on the court's review of the record as described below, the court will **DISMISS** Plaintiff's amended complaint without leave to amend and **DENY** Plaintiff's motion for *nunc pro tunc*.

Since the report correctly states the procedural and factual background of this case, (Doc. 12, at 1-2), it will not be repeated herein. In short this is one of several lawsuits brought by Plaintiff prisoner against state corrections

officers. This particular suit is brought against more than 80 correctional defendants and involves a disparate array of incidents which allegedly took place at three different prisons over a five-year period. *Inter alia* Plaintiff alleges in cryptic fashion that there was hair in his food at one prison, his food was cold at a different prison, and he was verbally and sexually harassed at multiple prisons. On the basis of these far-flung averments, Plaintiff seeks compensatory and punitive damages, along with injunctive relief. However, Judge Carlson found, and the court agrees, Plaintiff's allegations present a hodgepodge of distinct acts, allegedly committed by disparate actors at different times and places and include averments that fail to state a claim upon which relief may be granted, and therefore must be dismissed.

### I.     Legal Standard

When objections are timely filed to the report and recommendation of a magistrate judge, the district court must review *de novo* those portions of the report to which objections are made. 28 U.S.C. 636(b)(1); *Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir. 2011). Although the standard of review is *de novo*, the district court "may also, in the exercise of sound judicial discretion, rely on the Magistrate Judge's proposed findings and

recommendations." *Bynum v. Colvin*, 198 F. Supp 3d 434, 437 (E.D. Pa. 2016) (citing *United Stated v. Raddatz*, 447 U.S. 667, 676 (1980)).

District courts also have an on-going statutory obligation to preliminarily review a *pro se* complaint to determine whether any claims are frivolous, malicious, or fail to state a claim upon which relief may be granted. *See* 28 U.S.C. §1915(e)(2)(B)(ii). This statutory text mirrors the language of Rule 12(b)(6) of the Federal Rules of Civil Procedure, which provides that a complaint should be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In determining whether a complaint states a claim for relief, a court must accept the factual allegations in the complaint as true, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), and accept "all reasonable inferences that can be drawn from them after construing them in the light most favorable to the non-movant." *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994). However, a court is not required to accept legal conclusions or "a formulaic recitation of the elements of a cause of action." *Id.*; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").

When presented with a *pro se* complaint, the court should construe the

complaint liberally and draw fair inferences from what is not alleged as well as from what is alleged. *Dluhos v. Strasberg*, 321 F.3d 365, 369 (3d Cir. 2003); *Youse v. Carlucci*, 867 F.Supp. 317, 318 (E.D. Pa. 1994). Such a complaint "must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 127 S.Ct. 2197, 2200 (quoting *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976)).

However, Rule 8 also plays an important role in *pro se* litigation, setting minimal pleading thresholds which must be met in order to initially state a claim. Therefore, dismissal of a complaint pursuant to Rule 8 is appropriate when a complaint is "illegible or incomprehensible*,*" *Scibelli v. Lebanon County*, 219 F. App'x 221, 222 (3d Cir. 2007), or when a complaint "is not only of an unwieldy length, but it is also largely unintelligible." *Stephanatos v. Cohen*, 236 F. App'x 785, 787 (3d Cir. 2007). Thus, a *pro se* plaintiff's complaint must recite factual allegations that are sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation, set forth in a "short and plain" statement.

## II. Discussion

Based on its own review of the record, the court agree with all but one of Judge Carlson's findings and for the reasons discussed below finds Plaintiff's objection to those findings are meritless.

### A. Plaintiff fails to follow the Federal Rules of Civil Procedure.

Plaintiff has not sufficiently plead personal involvement in the alleged constitutional torts by the more than eighty Defendants who are listed in his amended complaint. To state a constitutional tort a plaintiff must show that the individual defendants actively deprived him of a right secured by the constitution. *See Morse v. Lower Merion School Dist.*, 132 F.3d 902 (3d Cir. 1997); *see also Maine v. Thiboutot*, 448 U.S. 1 (1980). Constitutional tort liability is also personal in nature and can only follow personal involvement in the alleged wrongful conduct shown through specific allegations of personal direction or actual knowledge and acquiesce in the challenged practice. *Robinson v. City of Pittsburgh*, 120 F. 3d 1286 (3d Cir. 1997). Plaintiff fails to do this. He names the 80 plus correctional defendants in the introduction to his amended complaint and then leaves the court to ferret out what defendants are alleged to have done. For the same reason the amended complaint runs afoul of Rule 8.

Under Rule 8 courts have found dismissal proper where a complaint "left the defendants having to guess what of the many things discussed constituted [a cause of action]," *Binsack v. Lackawanna County Prison*, 438 F. App'x 158, 160 (3d Cir. 2011), and where a "complaint fails to clearly identify which parties [the plaintiff] seeks to sue." *Earnest v. Ling*, 140 F. App'x 431 (3d Cir. 2005). Here the amended complaint leaves Defendants to guess which allegation constitute a cause action against which Defendants, who are not identified with any specific allegation.

In his objection to Judge Carlson's report, Plaintiff argues that his amended complaint pleads the personal involvement of each Defendant in violating his First, Eight, and Fourteenth Amendment rights. Specifically, he asserts that each of the amended complaint's 102 paragraphs are specifically detailed to a particular Defendant. Plaintiff is wrong. His amended complaint does not connect the individual Defendants to all or even most of his allegations and the many paragraphs of his amended complaint are most certainly not detailed to particular Defendants. Plaintiff also claims that he has shown causation through a pattern of antagonism but that does not excuse Plaintiff from complying with the Federal Rules of Civil Procedure. Therefore, the amended complaint fails to state a claim and must be dismissed under Rule 8.

Similarly, since the allegations made by Plaintiff appear to involve distinct acts committed by more than eighty disparate parties at different times and places, there is no single coherent legal, logical, topical, or temporal connection between the various claims. Accordingly, the amended complaint also runs afoul of Rule 20, which in relevant part only allows joinder of allegations arising out of the same transaction, occurrence, or series of transactions or occurrences. In his objection to Judge Carlson's report, Plaintiff argues that all of the Defendants have obviously conspired against him and "everything is connected." But beyond such conclusory allegations Plaintiff fails to tie his allegations let alone the Defendants together. Therefore, the hodgepodge of allegations raised in the complaint must also be dismissed under Rule 20. *See Boretsky v. Governor of New Jersey*, 433 F. App'x 73, 77 (3d Cir. 2011) (Finding dismissal appropriate under rule 20 "given the hodgepodge of claims raised in the complaint").

**B. Plaintiff's Eighth Amendment claims based on verbal harassment fail as a matter of law.**

Additionally, Plaintiff claims based on verbal harassment fail as a matter of law because a prisoners may not premise a constitutional claim on such harassment. "It is well settled that verbal harassment of a prisoner, although deplorable, does not violate the Eighth Amendment." *Robinson v.*

*Taylor*, 204 F. App'x 155, 156 (3d Cir. 2006); *see also Lindsey v. O'Connor*, 337 F. App'x 319, 321 (3d Cir. 2009) (Verbal harassment of a prisoner, although distasteful, does not violate the Eighth Amendment). Plaintiff does not object to his finding. In fact, Plaintiff was previously told that he may not pursue claims based solely upon alleged verbal harassment. *See Cummings v. Weller*, No. 1:22-CV-1119, 2022 WL 4594574, at *4 (M.D. Pa. Sept. 2, 2022), report and recommendation adopted, No. CV 1:22-1119, 2022 WL 4585534 (M.D. Pa. Sept. 29, 2022). Therefore, Plaintiff's claims based on verbal harassment will be dismissed.

### C. Plaintiff's requests for injunctive relief are moot.

Finally, Judge Carlson and this court read Plaintiff's amended complaint as seeking broad injunctive relief from three state prisons where he is no longer imprisoned. As a result, Judge Carlson found Plaintiff's request for injunctive relief from Defendants at his former places of incarceration are moot. Under the mootness doctrine "[i]f developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the case must be dismissed as moot." *Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 698-99 (3d Cir. 1996); *see e.g. Fortes v. Harding*, 19 F.Supp.2d 323, 326 (M.D. Pa. 1998) citing *Abdul-Akbar v. Watson*, 4 F.3d

195, 206-07 (3rd Cir. 1993); *Weaver v. Wilcox,* 650 F.2d 22, 27 (3rd Cir. 1981) ("[Prisoner-plaintiff's] transfer to another institution moots any claims for injunctive or declaratory relief.")

In his objection to Judge Carlson's report, Plaintiff argues that Defendants' conduct is capable of repetition and part of pattern displayed at each of his last three prisons. However, "[a] dispute qualifies for the exception to the mootness doctrine for a controversy that is capable of repetition, yet evading review only if (1) the challenged action is in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subjected to the same action again." *United States v. Sanchez-Gomez*, 138 S. Ct. 1532, 200 L. Ed. 2d 792 (2018).

Here it appears Plaintiff is insinuating that because he suffered the conduct alleged herein at his last three prisons, he will continue to suffer that same conduct at his current prison, SCI-Fayette, which is located in the Western not Middle District of Pennsylvania. But that insinuation appears premised on the existence of Plaintiff's otherwise plead but unsubstituted allegations of a vast state-wide conspiracy against him. Moreover, the Defendants named in this particular lawsuit are corrections officers at Plaintiff's former prisons not at SCI-Fayette. So even if the conduct alleged

Blah
Blah
Blah
Blah

herein is capable of repetition, it would not be at the hands of Defendants, but correction officers outside this court's jurisdiction. Therefore, Plaintiff's many requests for injunctive relief in the Middle District of Pennsylvania are still moot and will be dismissed.

**D. Further amendments to Plaintiff's complaint would be futile.**

While Judge Carlson recognizes that his screening merits analysis calls for dismissal of Plaintiff's action in its current form, he recommends that Plaintiff be given another final opportunity to amend his complaint. The court disagrees with this recommendation. A district court has three grounds on which it may deny leave to amend a complaint: "(1) [where] the moving party has demonstrated undue delay, bad faith or dilatory motives; (2) [where] the amendment would be futile; or (3) the amendment would prejudice the other party." *Lake v. Arnold,* 232 F.3d 360, 373 (3d Cir. 2000) citing *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227 (1962).

The instant action is one of several similar lawsuits filed by Plaintiff against correction officers at the various prisons where he has been incarcerated. *See Cummings v. Kramer*, No. 1:22-CV-1118, 2022 WL 4594494, at *4-5 (M.D. Pa. Sept. 7, 2022), report and recommendation adopted, No. CV 1:22-1118, 2022 WL 4585535 (M.D. Pa. Sept. 29, 2022); *See Cummings v. Weller*, No. 1:22-CV-1119, 2022 WL 4594574, at *4 (M.D.

Pa. Sept. 2, 2022), report and recommendation adopted, No. CV 1:22-1119, 2022 WL 4585534 (M.D. Pa. Sept. 29, 2022); and *Cummings v. Konyski, et al.*, Civil No. 3:15-cv-2245.

In these other suits Plaintiff has attempted and failed to bring similar allegations because those allegations were so fundamentally flawed that they could not be construed as constituting a plausible complaint. Likewise, it is clear from these other cases that Plaintiff has a penchant for filing amendments which are flawed in ways that already have been identified for Plaintiff by the court. Since Plaintiff has already been given numerous opportunities in other lawsuits to more artfully articulate allegations like those alleged herein and failed to heed the court's warning each time, giving him another opportunity to amend fundamentally flawed allegations would be futile. Therefore, Plaintiff's complaint will be dismissed with prejudice.

**E. Plaintiff's motion for *Nunc Pro Tunc* is inappropriate.**

During the pendency of Judge Carlson's report and recommendation and in tandem with his objections to that report, Plaintiff also filed a motion *nunc pro tunc*, where he appears to ask the court to accept corrections to his amended complaint. Federal courts may issue *nunc pro tunc* orders, or "now for then" orders, *Black's Law Dictionary*, at 1287, to "reflect the reality" of what has already occurred. *Roman Cath. Archdiocese of San Juan, Puerto*

*Rico v. Acevedo Feliciano*, 140 S. Ct. 696, 700–01, 206 L. Ed. 2d 1 (2020) quoting *Missouri v. Jenkins*, 495 U.S. 33, 49, 110 S.Ct. 1651, 109 L.Ed.2d 31 (1990). Generally, *nunc pro tunc* orders are used to correct the judicial record of clerical errors to more clearly reflect the intention of court. *See Cuebas y Arredondo v. Cuebas y Arredondo*, 223 U.S. 376, 390, 32 S.Ct. 277, 56 L.Ed. 476 (1912). ("[A nunc pro tunc] decree presupposes a decree allowed, or ordered, but not entered, through inadvertence of the court.") But "[n]unc pro tunc orders are not some Orwellian vehicle for revisionist history—creating 'facts' that never occurred in fact." *United States v. Gillespie*, 666 F.Supp. 1137, 1139 (ND Ill. 1987). Put plainly, the court "cannot make the record what it is not." *Jenkins*, 495 U.S. at 49, 110 S.Ct. 1651.

Accordingly, a motion for *nunc pro tunc* is not the proper vehicle for Plaintiff to correct or in actuality further amend his own amended complaint. It is also not clear what error Plaintiffs motion, which seemingly just repleads Plaintiff unsubstantiated allegations of a vast conspiracy among correction officers against him, seeks to correct. Still, it is clear Plaintiff's motion does not seek to correct a clerical error of the court but instead engage in revisionist history. Thus, Plaintiff's motion for *nunc pro tunc* will be denied.

### III. Conclusion

Based on the foregoing the Report and Recommendation of Judge Carlson, (Doc. 12), will be **ADOPTED IN PART**. Plaintiff's objections, (Doc. 15), are **OVERULED**. Plaintiff's amendment complaint, (Doc. 10), will be **DISMISSED** with prejudice and Plaintiff's motion for *nunc pro tunc*, (Doc. 13), will be **DENIED**. The Clerk of Court will be directed to close this case. An appropriate order follows.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: December 26, 2023**
23-937-01